**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**GABRIEL M. WILLIAMS,**

               **Petitioner**

**v.**

**JAMES T. CONWAY, Superintendent**
**Attica Correctional Facility,**                      **07-CV-756(Sr)**

               **Respondent**

---

### DECISION AND ORDER

Petitioner, who has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has been granted *in forma pauperis* status, has applied to the Court for appointment of counsel.  Dkt. #11.  In support of his motion, petitioner states that the issues involved in his case are complex and he has little legal education, although he does have a 12th grade education with a G.E.D.  Dkt. #11. Petitioner claims that his plea was involuntary and his counsel ineffective because he was not advised that he would be subject to post-release supervision. Dkt. #1.


Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989).  Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required.  *See Graham v. Portunodo*, 506 F.3d 105 (2d Cir. 2007) (Pursuant to Rule 8(c) of the Federal  Rules Governing Section 2254 Cases in the United States District Courts, if an evidentiary hearing is required in a § 2254 case, the judge shall appoint counsel for an indigent prisoner).  Indigent petitioners who seek to vacate or set aside a sentence of death are also entitled to counsel.  21 U.S.C. § 848(q)(1)(4)(B); See *McFarland v. Scott*, 512 U.S. 849 (1994).  Other than these mandatory exceptions, appointment of counsel is within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

The Court has reviewed the facts presented herein in light of the factors required by law.  Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death. Should the Court determine that an evidentiary hearing is required with respect to petitioner's claim of ineffective assistance of trial counsel, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Otherwise, petitioner has not provided the Court with any information to suggest that his claims cannot be addressed and reviewed solely by means of the record already before the Court or that the interests of justice require the

appointment of counsel at this time.  Accordingly, petitioner's motion for appointment of counsel is denied without prejudice at this time.  It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:      Buffalo, New York
            February 10, 2009

   *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**