UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GABRIEL M. WILLIAMS,

               Petitioner,                         No. 07-CV-0756(VEB)

   -vs-                                             **DECISION AND ORDER**

JAMES T. CONWAY,

               Respondent.
_____

**I.    Background**

     *Pro se* petitioner Gabriel M. Williams ("Williams" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from this Court.  Presently pending is his unopposed motion to have his petition stayed and held in abeyance. Williams writes that he wishes to appeal to the New York Court of Appeals "to give that Court the opportunity to grant [him] relief . . . [b]ased on the Article 78 petition, Memorandum and Order, that was decided in petitioners [sic] favor." Williams has attached a copy of the order in question, in which he was granted the relief sought–namely, that a period of post-release supervision be expunged from his sentence because it had been illegally added, administratively, by New York State Department of Corrections ("DOCS").  Justice Dadd of the Wyoming County Supreme Court ordered that the period of PRS imposed by DOCS be vacated. Justice Dadd further ordered DOCS to recompute Petitioner's sentences without the period of PRS.

     Apparently, Williams thereafter wrote a letter to Eriec County Court requesting "a resentencing hearing." The trial court granted Williams' request and appointed defense counsel to represent him. At their appearance in court, defense counsel requested that the court vacate

Williams' guilty plea. The trial court denied that request and instead resentenced Williams to the original sentence of a determinate term of imprisonment of 20 years with no post-release supervision. Williams appealed the judgment of Erie County Court to the Appellate Division, Fourth Department, which unanimously affirmed the decision on March 25, 2011. *People v. Williams*, 82 A.D.3d 1576, 919 N.Y.S.2d 608 (App. Div. 4th Dept. 2011). Thus, it does not appear that Williams seeks a stay while he appeals Justice Dadd's 2009 order, but rather seeks to appeal the Fourth Department's March 25, 2011, order denying his request for withdrawal of his guilty plea.

## II.    Discussion

When a habeas petition contains both exhausted and unexhausted claims "a district court should exercise discretion either to stay further proceedings on the remaining portion of the petition or to dismiss the petition in its entirety." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir.2001). A stay is usually preferable. *Id.* However, a stay, "unless appropriately conditioned, could permit a habeas petitioner to take an undue amount of time to pursue state court remedies." *Id.* Accordingly, when a district court elects to stay a petition, it "should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days," after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed. *Id*. at 381. In *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005), the United States Supreme Court approved the *Zarvela* stay procedure, provided that the habeas petitioner's claims are not plainly meritless and that the petitioner has not engaged in  abusive litigation tactics or intentional delay.

Williams' motion for a stay is unopposed by Respondent. Furthermore, Williams has not

engaged in intentionally dilatory litigation tactics and I cannot say that his claim is "plainly meritless." Accordingly, I shall exercise my discretion to stay the petition granted according to the same conditions as described in *Zarvela*.

## III.   Conclusion

For the foregoing reasons, Williams' motion for a stay is **granted** subject to the following conditions:

First, Williams must file any application for relief in state court no more than thirty (30) days after this Court's order holding the petition in abeyance.

Second, in the event Williams is unsuccessful in state court, he must file (1) an amended petition containing both the exhausted and unexhausted claims in this Court; and (2) a motion to lift the stay. These filings (the amended petition and the motion to lift the stay) must be made in this Court within thirty (30) days of the exhaustion of state remedies, i.e., the date Williams receives a final decision from the New York Court of Appeals.

**Williams is advised that his failure to comply with the conditions of this stay order may result in vacatur of the stay *nunc pro tunc* and dismissal of his petition with prejudice.**

**ALL OF THE ABOVE IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   June 10, 2011
         Buffalo, New York