**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**GABRIEL M. WILLIAMS,**

        **Petitioner**

**v.**

**JAMES T. CONWAY, Superintendent**
**Attica Correctional Facility,**                  **07-CV-756(Sr)**

        **Respondent**

---

## DECISION AND ORDER

Petitioner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his plea was involuntary and his counsel ineffective because he was not advised that he would be subject to post-release supervision.  Dkt. #1.

The Clerk of the Court informed the parties that, pursuant to the Amended Plan for the Disposition of Pro Se Cases, this matter had been randomly assigned to the undersigned for all pretrial purposes and advised the parties that they could consent to proceed to disposition before the magistrate judge pursuant to 28 U.S.C. § 636(c). Dkt. #22-1.  The parties executed the consent and the case was referred to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #7.  By Text Order entered April 15, 2011, the matter was reassigned to the Hon. Victor E. Bianchini for all further proceedings.  Dkt. #20.

Currently before the Court is Respondent's motion opposing the transfer of this matter from the undersigned to the Hon. Victor E. Bianchini.  Dkt. #22.  In support of the motion, Respondent states that he executed the consent form in reliance upon the Court's representation that the matter was assigned to the undersigned.  Dkt. #22, ¶¶ 4-5.  Specifically, "Respondent opposes this transfer on grounds that it violates the terms of the consent . . . based upon the explicit indication that Magistrate Judge Schroeder would handle all aspects of the case to disposition."  Dkt. #22, ¶ 6.

28 U.S.C. § 636(c)(1) provides:

> Upon the consent of the parties, a full-time United States
> magistrate judge . . . may conduct any or all proceedings in
> a jury or nonjury civil matter and order the entry of judgment
> in the case, when specially designated to exercise such
> jurisdiction by the district court . . . he serves.

"Thus, a magistrate judge has jurisdiction to enter a final decision only if the district court properly refers the case and the parties consent."  *Kalan v. City of St. Francis*, 274 F.3d 1150, 1152 (7th Cir. 2001).  In *Kalan*, the Court of Appeals for the Seventh Circuit determined that a consent that specifies a particular magistrate judge by name does not confer consent to a different magistrate judge.  274 F.3d at 1153.  Subsequently, the Court of Appeals for the Seventh Circuit cited *Kalan* as holding "that a consent may be ineffective if a judge other than the one who was named consistently with the court's procedures is assigned to the case."  *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513, 517 (7th Cir. 2003).  In it's analysis of the issue, the *Hatcher* court recognized "the real-world fact that parties may be influenced in their decision

-2-

whether or not to consent to magistrate judge jurisdiction by the knowledge of which individual will acquire responsibility for their case."  Similarly, in *Mendes Junior Int'l Co. v. M/V Sokai Maru*, the Court of Appeals for the Fifth Circuit determined that consent to a particular magistrate judge did not allow the transfer of the matter to another magistrate judge following the initial magistrate judge's elevation to the bankruptcy bench.  978 F.2d 920 (5th Cir. 1992) ("We hold that because there is no section 636(c)(1) order referring this case to . . . Magistrate Judge Stacy, and the only written consent and the only order of reference . . . are expressly for Magistrate Judge Karen Brown, Magistrate Judge Stacy lacked all authority to enter judgment in the case.").

As in *Kalan* and *Mendes*, the parties to this matter consented to the jurisdiction of a magistrate judge after being informed that the matter had been assigned to the undersigned.  Dkt. #22-1.  Following receipt of that consent, the district court referred the matter to the undersigned for all further proceedings, including entry of judgment.  Dkt. #7.  Given Respondent's timely objection to the transfer of this matter to another magistrate judge, the Court cannot infer consent to that transfer.  *See Astra USA, Inc. v. Bildman,* No. 09-2993-cv, 2010 WL 1731815, at *2 (2d Cir. Apr. 30, 2010) ("By appearing without objection before Magistrate Judge Conroy and filing various submissions with the court, including a motion for summary judgment, after receiving notice of the case reassignment, defendants – who had been advised of their right to decline to have their case resolved by a magistrate judge – implicitly consented to Magistrate Judge Conroy's exercise of jurisdiction."), *citing Roell v. Withrow*, 538 U.S.

580, (2003) (holding that the court may imply consent where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.").  As a result, Respondent's motion (Dkt. #22), is granted.  The undersigned will conduct all further proceedings in this case, including the entry of final judgment.

**SO ORDERED.**

DATED:        Buffalo, New York
              August 24, 2011

                                     _s/ H. Kenneth Schroeder, Jr._
                                     **H. KENNETH SCHROEDER, JR.**
                                     **United States Magistrate Judge**