**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**GABRIEL M. WILLIAMS,**

          Petitioner

v.

**JAMES T. CONWAY, Superintendent**
**Attica Correctional Facility,**                                  07-CV-756(Sr)

          Respondent

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings, including entry of judgment, with respect to this petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  Dkt. #7.

Petitioner has filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, alleging that his guilty plea was involuntary and his counsel ineffective because he was not advised that he would be subject to post-release supervision.  Dkt. #1.  In an amended petition, petitioner continues to claim that his due process rights were violated when his attorney and the sentencing court failed to inform him that his sentence would include post-release supervision, thereby requiring that his plea be vacated, even though petitioner was re-sentenced to the same term of imprisonment without a period of post-release supervision.  Dkt. #24.  For the following reasons, the petition is denied.

**BACKGROUND**

Petitioner was charged with attempted murder in the second degree, in violation of Penal Law §§ 125.25[1] & 110.00; two counts of assault in the first degree, in violation of Penal Law §§ 120.10[1] & 120.10[3]; two counts of robbery in the first degree, in violation of Penal Law §§ 160.15[1] and 160.15[2]; criminal possession of a weapon in the second degree, in violation of Penal Law § 265.03[2]; and unauthorized use of a vehicle in the first degree, in violation of Penal Law § 165.08, following his statement to law enforcement admitting that on April 25, 2001 he repeatedly shot another occupant of his apartment building, pushed him down the stairs, took his keys and wallet out of his pocket, dragged the victim to the front of the basement, mopped up the victim's blood, picked up the shells from the gun, cleaned himself up and took the victim's car to the Galleria Mall where he used the victim's credit card to buy a pair of sneakers.

On October 9, 2001, petitioner entered a plea of guilty to one count of assault in the first degree in violation of Penal Law § 120.10[1] and one count of robbery in the first degree in violation of Penal Law § 160.15[2]. Dkt. #1. On December 19, 2001, petitioner was sentenced concurrently to a determinate term of imprisonment of 20 years. Dkt. #1.

By Memorandum and Order dated April 14, 2004, Hon. Sheila A. DiTullio, J.C.C., denied petitioner's motion pursuant to Criminal Procedure Law § 440.20. to set

aside his sentence as invalid because he had not been informed of the automatic five-year post-release supervision mandated by Penal Law § 70.45 because the 20-year concurrent sentence was not "unauthorized, illegally imposed or otherwise invalid as a matter of law." Dkt. #1, p.13. The New York State Supreme Court, Appellate Division, Fourth Department, denied leave to appeal on July 16, 2004. Dkt. #1, p.15.

On direct appeal, petitioner argued that his appeal waiver was invalid; the trial court abused its discretion by failing to afford him youthful offender status; and his sentence was harsh and excessive. *People v, Williams*, 15 A.D. 3d 863 (4th Dep't. 2005). The judgment of conviction was unanimously affirmed by the Appellate Division on February 4, 2005. *Id*. To the extent that petitioner contended that his plea was not knowing, voluntary or intelligent, the Appellate Division determined that "by failing to move to withdraw his plea or vacate the judgment of conviction," petitioner failed to preserve the issue for review. The Appellate Division further determined that petitioner's claim that his plea was affected by ineffective assistance of counsel involved matters beyond the record which were not reviewable on direct appeal. *Id.* The Court of Appeals denied leave to appeal and denied reconsideration. *People v, Williams*, 5 N.Y.3d 771 (2005) and 5 N.Y.3d 811 (2005).

By Memorandum and Order dated August 11, 2005, Hon. Sheila A. DiTullio, J.C.C., denied petitioner's motion pursuant to Criminal Procedure Law § 440.10. to vacate judgment on the ground that his plea was not voluntary and that counsel failed to provide effective assistance. Dkt. #1, p.18. As pertains to the

argument raised in the current petition, Judge DiTullio found that

> The allegation that counsel failed to advise defendant of the period of post-release supervision is made solely by defendant and lacks independent evidentiary support, such as an affidavit from counsel.  Taking into account that defendant does not allege a viable defense to the charges, the court finds no reasonable possibility that defendant would have rejected the plea solely because the sentence entailed post-release supervision.  This portion of the motion is therefore denied (CPL § 440.30[4][d]).

Dkt. #1, p.20.  The Appellate Division granted leave to appeal and affirmed Judge DiTullio's determination by Order entered March 16, 2007.  *People v. Williams*, 38 A.D.3d 1301 (4th Dep't 2007).   The New York State Court of Appeals denied leave to appeal.  *People v. Williams*, 9 N.Y.3d 871 (2007).

Petitioner commenced an action pursuant to article 78 of the New York Civil Practice Law and Rules ("CPLR"), alleging that the Department of Correctional Services illegally added a period of post-release supervision to his determinate sentence.  Dkt. #16, p.3.   The Hon. Mark H. Dadd, Acting Supreme Court Justice, vacated the period of post release supervision imposed by the Department of Correctional Services, explaining:

> It appears that the petitioner is subject to a period of post-release supervision that was imposed by the Department of Correctional Services.  The respondent has not disputed that the sentencing court failed to impose such a term on his December 19, 2001 sentence.  Thus, the period of post-release supervision was invalid.

Dkt. #16, p.4.  Upon appeal, the Appellate Division determined that Judge DiTullio's sentence to a determinate term of imprisonment of twenty years was illegal, because it

did not include a period of post-release supervision. *People v. Williams*, 82 A.D.3d 1576, 1577 (4th Dep't 2011). The Appellate Division explained that

> The Department of Correctional Services (DOCS) subsequently administratively imposed a five-year period of PRS, which defendant successfully challenged in a CPLR article 78 proceeding. In granting defendant's petition, Supreme Court vacated the PRS component of the sentence imposed by DOCS. Defendant thereafter wrote a letter to County Court requesting a "resentencing hearing." The court granted defendant's request and appointed defense counsel to represent him. When defendant appeared in court with defense counsel for resentencing, defendant requested that the court vacate his guilty plea. The court denied that request and instead resentenced defendant to the original sentence of a determinate term of imprisonment of 20 years with no postrelease supervision.

*Id.* The Appellate Division then rejected the defendant's argument that the court erred in refusing to vacate his guilty plea and in resentencing him to the sentence originally imposed, explaining:

> Because the original sentence was imposed between September 1, 1998 and June 30, 2008, the court was authorized to resentence defendant pursuant to Penal Law § 70.85. The statute provides that, with the consent of the District Attorney, a court that imposed a determinate term of imprisonment without the mandatory period of PRS may, upon resentencing, "re[]impose the originally imposed determinate sentence of imprisonment without any term of [PRS], which then shall be deemed a lawful sentence. As the Court of Appeals recognized in *People v. Boyd*, 12 N.Y.3d 390, the purpose underlying section 70.85, as noted in the Governor's Approval Memorandum concerning that statute, was to "'avoid the need for pleas to be vacated when the District Attorney consents to re[]sentencing without a term of PRS.'" We thus conclude that, inasmuch as the court properly resentenced defendant pursuant to section 70.85, defendant was not entitled to vacatur of his plea.

*Id.* at 1577-78. The Court of Appeals denied leave to appeal by Order entered July 7, 2011. *People v. Williams*, 17 N.Y.3d 810 (2011).

## DISCUSSION AND ANALYSIS

Before a federal court can address the merits of any federal issue contained in a petition for a writ of *habeas corpus,* the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843-44 (1999). "Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained." *Hogan v. Ward,* 998 F. Supp. 290, 293 (W.D.N.Y. 1998), *citing Daye v. Attorney General of the State of New York,* 696 F.2d 186, 190 n.3 (2d Cir. 1982); *see O'Sullivan*, 526 U.S. at 839-40 ("a state prisoner must present his claims to a state supreme [i.e., highest] court in a petition for discretionary review in order to satisfy the exhaustion requirement.").

Petitioner has exhausted his claim that his plea was involuntary and his counsel ineffective because he was not advised that he would be subject to post-release supervision. Petitioner raised that claim before the Appellate Division, which, *inter alia*, affirmed Judge DiTullio's decision denying petitioner's request to vacate his guilty plea. Petitioner unsuccessfully sought leave to appeal that decision from the New York State Court of Appeals, thereby presenting his claim to New York's highest court.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), where a state court has adjudicated the merits of a petitioner's claim, relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under federal law, a "plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its 'direct consequences.'" *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005), *quoting Brady v. United States*, 397 U.S. 742, 748 (1970). However, the United States Supreme Court has never held that a mandatory period of post-release supervision is a direct consequence of a guilty plea so as to implicate a defendant's due process right to enter a knowing and voluntary plea of guilty. *See Pignataro v. Poole,* No. 09-1396, 2010 WL 2501009 (2d Cir. June 18, 2010) (post-release supervision was not definite, immediate and largely automatic so as to be considered a direct consequence because it was subject to change, including resentencing by the trial court); *Lockhart v. Chandler,* 446 F.3d 721, 724 (7th Cir. 2006) ("There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of [mandatory supervised release] at the time he attempts to enter a plea of guilty."); *Facen v. Cully,* 787 F,Supp.2d 278, (W.D.N.Y. 2011) (collecting district court cases holding that a court's failure to inform a defendant of a term of post-release supervision cannot be a violation of clearly established federal law because the Supreme Court has never held that a mandatory term of post-release supervision is a

direct consequence of a criminal conviction); *Redcross v. Keller*, No. 06-CV-3882, 2010 WL 3219320, at *6 (S.D.N.Y. Aug. 12, 2010) (the absence of a Supreme Court decision holding that post-release supervision is a direct consequence of a plea of guilty which a defendant must be aware is fatal to a *habeas* claim that a plea is unconstitutionally involuntary because the defendant was not advised of post-release supervision); *Lustyk v. Murray*, 03-CV-6186, 2004 WL 1949473, at *2 (W.D.N.Y. Aug. 30, 2004)( finding no Supreme Court case holding that a mandatory term of parole or post-release supervision is a direct consequence of a guilty plea and noting that, in general, *habeas* relief cannot be granted if the Supreme Court has not ruled at all on a given issue since there is no "clearly established" law).  Thus, even if petitioner was subject to a mandatory term of post-release supervision, that fact would not render his plea involuntary for purposes of federal *habeas* review.[1]   As a matter of fact, however, petitioner is not subject to a term of post-release supervision.  Petitioner successfully navigated state court remedies to remove the post-release supervision from his sentence and receive a new sentencing hearing at which he received the sentence originally imposed by the trial court, *to wit*, a determinate sentence of twenty years imprisonment.

---

[1] While it would not affect the voluntariness of the plea, the imposition of a mandatory period of post-release supervision which was not imposed by the sentencing judge at sentencing would raise a due process claim with respect to petitioner's sentence.  See *Scott v. Fischer*, 616 F.3d 100, 105-06 (2d Cir. 2010) ("In *Early*, we held that if a sentencing court does not explicitly impose a term of [post-release supervision] on a criminal defendant, it is unconstitutional for [the Department of Correctional Services] subsequently to impose one"); *Early v. Murray*, 462 F.3d 147, 149 (2d Cir. 2006) (inclusion of a five-year period of post-release supervision in petitioner's sentence when that post-release supervision was not included in the sentence imposed at petitioner's sentencing hearing violated his rights under the Due Process Clause of the United States Constitution).

**CONCLUSION**

Based on the foregoing, the petition for writ of *habeas corpus* is **DENIED**. The Clerk of the Court is directed to enter judgment in favor of respondent.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision and order may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court also finds that the petition presents no question of substance for appellate review, and that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed.R.App.P. 22(b). Accordingly, a certificate of appealability will not issue.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 4, 2011

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**